UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY PAUL CARR                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO.4:04CV-203-MPM-JAD

CITY OF GREENVILLE, ET AL                                                       DEFENDANTS

REPORT AND RECOMMENDATION

On October 4, 2006, there was an evidentiary hearing in this § 1983 action. Gregory Paul Carr complains about the conditions of the Greenville City Jail. The evidence shows that the jail was built in the latter half of the 1950's. It is heated with steam. The Greenville City Police Department is located on the lower level with jail cells in the upper level. There is no air conditioning in the inmate level.

Rusty Thomas testified for the plaintiff. He says he was initially placed in his cell without a mattress due to overcrowding. He testified that conditions at the jail were bad. Lights were not working properly. The jail was filthy. There were multiple broken windows. There were roaches and spiders. There was no proper drinking water made available and ice was provided out of a common bucket, that had contained chemicals. He complained there was no heat and that the pipes in the heating system would leak, with water going everywhere. He complained about trouble getting access to medical care, but admitted on cross that there are weekly doctor visits at the jail.

Jessie Jackson voiced similar complaints about the sanitation. He received his water out of a mayonnaise jar, as the cell he was placed in did not have running water. Gregory Thompson said there was no heat in the jail. He said the showers and cells weren't clean.

James Thomas the assistant supervisor at the jail and a defendant testified. He said that there were some problems with the heating system developing leaks, which could be repaired only with

the system turned off. He confirmed the jail had problems with broken windows, because the inmates broke them. The jail regularly replaces the broken windows. Thomas said the testimony regarding complaints about the heating were inaccurate. The inmates had from time to time requested that the heater be turned off because the jail would become too warm.

Vince Jordan, another defendant, testified about the heating system. The heating system dates back to the late 1950's. They have a full time maintenance man who can frequently make needed repairs. The maintenance man can call outside help if needed for repairs. He said that the blowers with the heating system did not work, but that the system put out adequate heat anyway. He testified that he personally worked in the jail year round in short sleeves. Overhead vent fans and pedestal fans and open windows provide cooling during the summer months.

Jordan also testified that the city has had three different contracts at different times providing pest control in the jail. Spraying for insects is done on a regular basis. The jail relies on inmate labor to clean the showers and toilets. They are cleaned every day.

Carr testified that the jail was unlivable. He said the heaters did not work and the jail was cold in the winter and so hot in the summer that it was hard to breath. He said the jail was old and a lot of things did not work. He claimed the drinking water given the inmates was unfit.

The undersigned appreciates that the conditions at the Greenville City Jail, due largely to its age, are far less than ideal, and likely to continue to decline, unless steps are taken to improve conditions. The jail appears to be just barely adequate to meet the needs not only of the inmates, but the City of Greenville itself. If the conditions are allowed to continue to deteriorate, the city may find itself facing liability and/or court intervention to address deficiencies at the jail. The proof presented by Carr does not convince the undersigned that this point has been reached.

Gregory Carr is no longer housed in the Greenville City Jail. Normally the transfer of any inmate from a jail will render any request for injunctive relief moot. *Beck v. Lynaugh*, 842 F. 2d 759, 762(5th Cir. 1987); *Cooper v. Sheriff, Lubbock County,* 929 F. 2d 1078(5th Cir. 1991). By his testimony and that of the jailers, he has been a regular guest at the Greenville City jail. The only indication that Carr will again be subjected to the conditions of the Greenville City jail, is his on proclivity to lawlessness. He may avoid the jail by controlling his own behavior. The claim for injunctive relief should be denied as moot.

Carr testified that he had not been diagnosed with any condition or ailment as a result of any condition at the Greenville City Jail, and further admitted that he was not denied access to the doctor when at the jail. Therefore, the undersigned recommends that the plaintiff's claim for compensatory damages be dismissed pursuant to 42 U.S.C.§ 1997e(e) and *Alexander v. Tippah County, Mississippi*, 351 F. 3d 626(5th Cir. 2003).

Under 42 U.S.C.A. § 1997e(e) "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." See *Geiger v. Jowers*, 404 F.3d 371(5th Cir. 2005)(The requirement of a physical injury as a prerequisite to a claim for compensatory damages is not dependent upon the nature of the underlying constitutional claim; affirming the dismissal of a claim for First Amendment violations)**;** *Brown v. Hembest*, 2005 WL 1174661(N.D. Miss. 2005)(Pro se complaint alleging failure to prevent inmate on inmate violence dismissed partly due to failure to allege any physical injury); *Brown v. Sudduth*, 2005 WL 2406090(N.D. Miss. 2005) ("As ... Brown seeks only money damages, and as he has not alleged physical injury, his claims for compensatory damages must fail." *Id.* at 4.); *Jones v. Greninger,* 188 F. 3d 322(5th Cir.

1999)(Eighth Amendment claim for damages for failure to protect properly dismissed for failure to allege physical injury). Carr has made no showing of any physical injury and his claim for compensatory damages should therefore be denied.

The undersigned recommends that the complaint be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 24th day of October, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE